**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ana Maria FLORES–MENDOZA,**
**Defendant–Appellant.**

No. 07–50005.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2007.

Filed April 18, 2007.

Eugene S. Litvinoff, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Heather R. Rogers, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: CANBY and SILVERMAN, Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM **

Appellant, Ana Maria Flores–Mendoza, appeals the sentence imposed following her conviction for harboring illegal aliens and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and (v)(II). Following her guilty plea, the district court sentenced Flores–Mendoza to eight months in prison followed by three years of supervised release. This sentence was based, in part, on the court's decision to impose a three-level increase of the offense level under U.S.S.G. § 2L1.1(b)(2)(A) because Flores–Mendoza was harboring between six and twenty-four unlawful aliens. On appeal, Flores–Mendoza argues that her sentence should be set aside because, in determining the appropriateness of the three-level enhancement, the district court improperly placed the burden on her to disprove facts in the Presentence Report ("PSR") related to the number of illegal aliens she was harboring. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In the proceedings below, Flores–Mendoza did not specifically object to any statement in the PSR related to the number of aliens. If she had done so, it is clear from the record that the court would have granted an evidentiary hearing and adjudicated the factual dispute. Instead, Flores–Mendoza's position seems to be that, because she did not concede the accuracy of information in the PSR, the district court improperly relied on it in determin-

---

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ing that she was harboring eleven unlawful aliens. We reject this contention.

Factual statements in the PSR are not in dispute simply because the defendant refuses to concede them. *See United States v. Ameline*, 400 F.3d 646, 657 (9th Cir.2005) (information in a PSR is disputed when "a defendant makes a timely specific objection to the factual accuracy of [the] assertion . . ."). Because Flores–Mendoza did not raise a specific objection to the factual accuracy of information in the PSR related to the number of aliens, the district court properly relied on it in determining by a preponderance of the evidence that the facts underlying the offense level enhancement had been established. *See United States v. Ameline*, 409 F.3d 1073, 1106 (9th Cir.2005) (en banc); *United States v. Marin–Cuevas*, 147 F.3d 889, 895 (9th Cir.1998).

**AFFIRMED.**